**DLD-021**                                                                **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 15-3232

_____

IN RE:  WHEELER ZAMICHIELI,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. Nos. 2-11-cr-00393-001 and 2-12-cr-00182-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 22, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed:  December 31, 2015)

_____

OPINION[*]

_____

PER CURIAM

Wheeler Zamichieli, proceeding pro se, has filed a petition for a writ of mandamus

asking us to compel the District Court to order the Government to provide certain

discovery material.  We will deny the petition.

Zamichieli was indicted on a federal firearms charge.  After he prevailed on a

motion to suppress evidence, the indictment was dismissed in December 2011.  While

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Zamichieli was detained on the first charge, the Government continued to investigate him. This resulted in a second indictment in 2012, again on a firearms charge, but for different underlying conduct. Zamichieli was convicted after a jury trial in 2013, and it appears that he was sentenced in October 2014, although no judgment of conviction has yet been entered on the District Court docket.

Since then, Zamichieli has filed numerous motions in both cases. In many of those motions, he sought transcripts and other material related to the 2011 prosecution, which he claimed that he needed to prepare a motion for a new trial regarding the 2012 prosecution. In particular, Zamichieli repeatedly sought the transcript of a federal agent's grand jury testimony. The Government responded that it had provided Zamichieli with all discovery previously given to his defense counsel in both cases and that it was not required to produce the federal agent's grand jury testimony. Ultimately, Zamichieli's motions related to the transcript of grand jury testimony and other material he alleged had been withheld from discovery were denied in both cases.[1]

In September 2015, Zamichieli filed the present petition for a writ of mandamus, seeking an order to compel the District Court to order the Government to disclose the federal agent's grand jury testimony in the 2011 prosecution and "all other relevant

---

[1] The flurry of motions in both cases makes it cumbersome to present a strict chronological approach to their disposition. It is sufficient to note that, in an order entered in July 2015, the court presiding over the 2012 prosecution deemed the government to have complied with its obligations concerning the provision of material to Zamichieli.

discovery" in both prosecutions. He later supplemented the petition with a request that we compel the District Court to order the Government to disclose "the complete discovery from the Philadelphia Police Department on 2/20/11" and the "Electronic Sound Recording from the Municipal Court of Philadelphia on 4/26/11."[2]

Mandamus is a drastic remedy that should be granted only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). In this case, Zamichieli made numerous requests for discovery in the District Courts. After receiving it, he continued to seek material he alleged had been improperly excluded. The courts ruled that the Government had complied with its obligations and denied Zamichieli's requests. He may not now use a mandamus action to appeal those unfavorable rulings. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); see also Helstoski v. Meanor, 442 U.S. 500, 506 (1979) (a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal"). Thus, Zamichieli is not entitled to mandamus relief.

Accordingly, we will deny the mandamus petition.

---

[2] It is not clear whether Zamichieli ever explicitly requested the Philadelphia Police Department documents. However, the court denied his request for the recording from the Philadelphia Municipal Court on the basis that it lacked authority to order that court to produce it.